IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CARL CHAVON MOSLEY,**

    **Plaintiff,**

v.                                                  **Civil Action No. 1:20cv142**
                                                             **(Judge Kleeh)**

**JERRY PRITT,**

    **Defendant.**

## REPORT AND RECOMMENDATION

### I. Background

On July 22, 2020, the *pro se* Plaintiff, an inmate at Huttonsville Correctional Center ("HCC") initiated this case by filing a civil rights complaint against the above-named Defendant pursuant to 42 U.S.C. § 1983. Along with his complaint, Plaintiff filed a Motion for Initial Review of Complaint and for an Order Directing the Clerk to Issue and Serve Process, a motion to proceed as a pauper, and a copy of the ledger sheets to his Inmate Trust Account. ECF Nos. 1, 2, 3, 4. The Clerk of Court issued a Notice of Deficient Pleading, advising Plaintiff that he was required to file a Consent to Collect Fees from Trust Account and a Prisoner Trust Account Report within 21 days or risk dismissal of his case. ECF No. 6.

This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.[1]

---

[1] 28 U.S.C. § 1915A
(a) Screening.—
The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for Dismissal.— On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
(1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

## II. The Plaintiff's Contentions

In his unsigned complaint, liberally construed, the Plaintiff is alleging a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.[2] Plaintiff alleges that on April 20, 2020, while he was working in the kitchen at HCC under the supervision of the Defendant, an Aramark Supervisor, Defendant used racial slurs toward him, referring to him as "that colored boy" or "little colored boy," while referring to other inmates by their proper names. ECF No. 1 at 5, 10.

Plaintiff contends that he exhausted his administrative remedies. Id. at 7 – 10.

Plaintiff contends that he suffered humiliation, pain, and suffering for being degraded in front of others. Id. at 12. As relief, he requests that the Defendant be forced to publicly apologize to him; resign from his position; and pay him "restitution" in the amount of $10,000.00 for his pain and suffering, plus court costs. Id.

## III. Standard of Review

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is

---

(2) seeks monetary relief from a defendant who is immune from such relief.

[2] The cruel and unusual punishment clause of the Eighth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wilson v. Seiter, 501 U.S. 294 (1991).

not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." See Neitzke at 327 and Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded allegations in the complaint as true and in the light most favorable to the Plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations." it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

### IV. Analysis

The Eighth Amendment provides, in relevant part, that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. Amend. VIII. The Supreme Court has construed this clause to require prison officials to "provide humane conditions of confinement." Farmer v. Brennen, 511 U.S. 825, 832 (1994). Therefore, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take 'reasonable measures to guarantee the safety of the inmates.'" Id. (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). However, the Supreme Court has noted that "the Constitution does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison official acted with a sufficiently culpable state of mind. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 1993)

3

(internal quotation marks and emphasis omitted) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)); see Farmer, 511 U.S. at 834 (explaining that, to violate the Eighth Amendment, " a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'" (quoting Rhodes, 452 U.S. at 347)).

The Plaintiff's complaint, even under the most liberal construction, does not establish that the Plaintiff was denied the minimal civilized measures of life's necessities or that he was exposed to a substantial risk of harm. Name-calling alone cannot form the basis of a constitutional violation because a person has no liberty interest at stake. Numerous courts around the country have held that "even the most abusive verbal attacks do not violate the constitution." Oltarzewski v. Rggiero, 830 F.2d 136, 139 (9th Cir. 1987); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). Nor do words or threats amount to assault under 42 U.S.C. §1983. Pierce v. King, 918 F.Supp. 932 (E.D.N.C. 1996), aff'd, 131 F.3d 136 (4th Cir. 1997) cert. granted and judgment vacated on other grounds, 525 U.S. 802 (1998). Mere verbal harassment does not give rise to a constitutional violation. See Wagner v. Wheeler, 13 F.3d 86, 92-93 (4th Cir. 1993) (verbal abuse does not amount to a constitutional violation); McBride v. Deer, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) (officers threats to spray inmate with mace; taunts and threats are not an Eighth Amendment violation).

Likewise, racial epithets do not implicate constitutional rights because, "no matter how abhorrent or reprehensible" a racial epithet may be, it cannot itself form the basis of a § 1983 claim. See Wade v. Fisk, 176 A.D.2d 1087, 1089, 575 NYS.2d 394, 396 (1991); Eury v. Angelone, No. 01-cv-257, 2001 WL 24042606, at *4 (E.D. Va. June 11, 2001) (alleged derogatory racial remarks, even if true, are not constitutional violations).

Here, from the grievance response attached to Plaintiff's complaint, it appears that upon being confronted with Plaintiff's allegation by the Assistant Food Service Director, Defendant

"stated that he didn't recall saying those words but if he did he certainly apologizes and will refrain from saying it in the future." ECF No. 1 at 8.

Accordingly, Plaintiff's claim simply does not rise to the level of a constitutional violation and must be dismissed for its failure to state a claim upon which relief can be granted.

Moreover, the Prison Litigation Reform Act (PLRA) of 1996 placed an important limitation upon all actions arising from incarceration, requiring proof of "physical injury" arising from the allegedly unconstitutional condition. Under 42 U.S.C. § 1997e(e), no recovery of monetary damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Here, *inter alia*, the Plaintiff has requested monetary damages. However, he has failed to allege that he suffered from any physical injuries as the result of the events he describes in his complaint; even if he had stated a constitutional claim, without proof of physical injury, he could not recover monetary damages.

## V. Recommendation

For the reasons stated, the undersigned **RECOMMENDS** that the Plaintiff's complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted.

Further, the undersigned **RECOMMENDS** that Plaintiff be advised to disregard the Notice of Deficient Pleading.

Finally, the undersigned **RECOMMENDS** that Plaintiff's pending Motion for Initial Review of Complaint and for an Order Directing the Clerk to Issue and Serve Process [ECF No. 2] and his pending motion to proceed as a pauper [ECF No. 3] be **DENIED as moot**.

The plaintiff shall have **fourteen days from the date of entry of this Report and Recommendation** within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

In addition, because this Report and Recommendation completes the referral from the District Court. The Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: July 29, 2020

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE